LAW OFFICES
# ABATO, RUBENSTEIN AND ABATO, P.A.

H. Victoria Hedian
Kimberly L. Bradley
James R. Rosenberg •
Paul D. Starr •
Corey Smith Bott
Brian G. Esders
Meghan E. Ritson
Meghan C. Horn

809 Gleneagles Court
Suite 320
Baltimore, MD 21286
(410) 321-0990
(410) 321-1419 fax
*www.abato.com*

Cosimo C. Abato
(1930 - 1995)
Bernard W. Rubenstein
(1920 - 2009)
_____
*Of Counsel*
Anthony A. Abato, Jr.
Stephen W. Godoff

• Also admitted in DC

June 7, 2010

The Honorable William M. Nickerson
Senior United States District Judge
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re:   Freight Drivers and Helpers Local Union No. 557 Pension Fund v. Quality Automotive Services, LLC
      Civil Action No. WMN 09-0831

Dear Judge Nickerson:

   I am writing on behalf of the Freight Drivers and Helpers Local Union No. 557 Pension Fund (the "Pension Fund") in opposition to the Judgment Debtor's request that its designated witness and counsel be permitted to participate in the Examination in Aid of Enforcement of Judgment scheduled for Wednesday, June 9, 2010 by telephone. In support of its opposition, the Pension Fund states that the Court's Order is not unreasonable or unduly burdensome to the Judgment Debtor.

   The Pension Fund served Judgment Debtor, Quality Automotive Services, LLC ("Quality"), with this Court's Order Directing Judgment Debtor to Appear for Examination in Aid of Enforcement of Judgment on January 25, 2010. The examination was scheduled for February 18, 2010. On February 16, 2010, counsel for Quality contacted this firm, requesting that the examination be rescheduled. The Pension Fund agreed to reschedule the examination, provided Quality with a list of available dates, and provided notice of the rescheduling with the Court. Despite repeated inquiries, however, Quality failed to agree to any of the proposed dates or provide alternative dates for the examination. On April 30, 2010, therefore, the Pension Fund filed its Motion to Set Date for Rescheduled Examination in Aid of Enforcement of Judgment.

   In response, Quality filed a meritless Motion to Vacate the Default Judgment and moved to stay the Examination in Aid of Enforcement of Judgment scheduled for June 9, 2010. These motions were denied by the Court. The Pension Fund has spent considerable resources accommodating the Judgment Debtor's requests and responding to its dilatory tactics.

   The scheduled examination is to be conducted pursuant to Rule 2-633 of the Maryland Rules of Civil Procedure, made applicable by Rule 69 of the Federal Rules of Civil Procedure.

The Honorable William M. Nickerson
June 7, 2010
Page 2

Rule 2-633 of the Maryland Rules of Civil Procedure is intended to provide aid to a judgment creditor in collecting a judgment by permitting a searching examination as to the assets of the debtor.  See Clinton Petro. Services., Inc. v. Norris, 271 Md. 665, 319 A.2d 304 (1974).  The Pension Fund has the right to conduct the examination as permitted by applicable law.  Requiring the attendance of Quality's representative in not unreasonable or unduly burdensome.

    If you have any questions or require any additional information, please do not hesitate to contact me.

                  Very truly yours,

                  /s/

                  Brian G. Esders

cc:    Timothy J. Parsons, Esquire
        James E. Anderson, Esquire
        Corey Smith Bott, Esquire